IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| VICTOR CABEZA RODRIGUEZ,<br><br>   Petitioner,<br><br>  v.<br><br>JEROME KRAMER, in his official capacity as Sheriff of Lincoln County Jail; DAVID EASTERWOOD, in his official capacity as Acting Director of Immigration and Customs Enforcement's Enforcement and Removal Operations St Paul Field Office; TODD LYONS, in his official capacity as Acting Director of Immigration and Customs Enforcement; MARKWAYNE MULLIN, in his official capacity as Secretary of the Department of Homeland Security; and TODD BLANCHE, in his official capacity as Attorney General,<br><br>   Respondents. | **4:26CV3174**<br><br><br>**ORDER TO SHOW CAUSE** |

This matter is before the Court on petitioner Victor Cabeza Rodriguez's ("Cabeza") Petition for Writ of Habeas Corpus and Request for Order to Show Cause (Filing No. 1) pursuant to 28 U.S.C. § 2241. Cabeza states he "was born in Cuba and was paroled into the United States on or about February 1, 2011." Arrested for sexually assaulting a child in November 2011, he was ordered removed on June 27, 2013, after his release from state custody.

Initially released from federal detention on September 12, 2013, pursuant to an order of supervision, Cabeza states he has "faithfully" reported to United States Immigration and Customs Enforcement ("ICE") as required for years. During his routine check-in with ICE on February 3, 2026, he was arrested. He has been detained at the Lincoln County Jail in North Platte, Nebraska, ever since.

Cabeza reports that he "has been told that he will be deported to Mexico, but Mexico has refused to accept him because of" his prior conviction and an ongoing medical condition for which he takes prescription medication. He asks the Court to order the respondents in this case "to show cause demonstrating why he should not be released within three days." *See* 28 U.S.C. § 2243. He alleges violations of 8 U.S.C. § 1231 and the Due Process Clause of the Fifth Amendment to the United States Constitution.

Section 2243 requires the Court to "forthwith award the writ" or order "the respondent show cause why the writ should not be granted unless it appears from the application that [Cabeza] is not entitled" to relief. 28 U.S.C. § 2243. The statute further requires that the show-cause order (1) "be directed to the person having custody of the person detained" and (2) "be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed." *See id.*

On careful initial review of the limited record in this case, the Court is unable to say definitively that Cabeza "is not entitled" to relief. 28 U.S.C. § 2243. The Court will therefore order his alleged physical custodian, respondent Jerome Kramer ("Kramer"), to show cause why Cabeza's petition should not be granted. *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (explaining that "in habeas challenges to present physical confinement[,] . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official").

Given the nature of Cabeza's request and his unappealed removal order, the Court finds good cause to give Kramer more than the usual three days to respond. The Court will also order the Clerk of Court to take steps to ensure that the United States Attorney for the District of Nebraska is made aware of Cabeza's petition and this Order to Show Cause so she can protect the federal respondents' interests in this matter.

Based on the foregoing,

IT IS ORDERED:

1.     The Clerk of the Court shall, before docketing this Order to Show Cause, add Assistant United States Attorneys Christopher L. Ferretti and Eric W. Synowicki as counsel for the federal respondents and shall, after doing so, regenerate the filing for the petition.

2     Petitioner Victor Cabeza Rodriguez shall serve his petition for writ of habeas corpus (Filing No. 1), and a copy of this Order to Show Cause on Jerome Kramer, in his official capacity as Sheriff of Lincoln County Jail, and file proof of such service with the Court.

3.     Within ten days after being so served, Kramer must show cause why the petition should not be granted.

4.     Cabeza shall then have ten days from the date of the response to file a reply.

5.     When the matter is fully briefed, the Court will determine whether to hold a hearing.

Dated this 25th day of June 2026.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge