IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

VICTOR CABEZA RODRIGUEZ,

Petitioner,

v.

JEROME KRAMER, in his official capacity as Sheriff of Lincoln County Jail; DAVID EASTERWOOD, in his official capacity as Acting Director of Immigration and Customs Enforcement's Enforcement and Removal Operations St Paul Field Office; DAVID VENTURELLA, in his official capacity as Acting Director of Immigration and Customs Enforcement; MARKWAYNE MULLIN, in his official capacity as Secretary of the Department of Homeland Security; and TODD BLANCHE, in his official capacity as Attorney General,[1]

Respondents.

**4:26CV3174**

**MEMORANDUM AND ORDER**

This matter is before the Court on petitioner Victor Cabeza Rodriguez's ("Cabeza") Petition for Writ of Habeas Corpus (Filing No. 1). *See* 28 U.S.C. §§ 2241, 2243. Born in Cuba, Cabeza "was paroled into the United States on or about February 1, 2011," through the port of entry in Miami, Florida.

In November 2011, he was arrested for sexually assaulting a child. Upon his conviction a few months later, the United States Immigration and Customs Enforcement

[1]The Clerk of Court is directed to substitute David Venturella for Todd Lyons as Acting Director of the United States Immigration and Customs Enforcement. *See* Fed. R. Civ. P. 25(d).

("ICE") issued a detainer. After Cabeza's release from state custody, an immigration judge ordered him removed from the United States on June 27, 2013.

Later that year, ICE released him on an Order of Supervision. Cabeza reports that although he has "faithfully" reported to ICE since then, he was arrested during his regular check-in with ICE on February 3, 2026. He is currently being detained at the Lincoln County Jail in North Platte, Nebraska.

Cabeza reports that he "has been told that he will be deported to Mexico, but Mexico has refused to accept him because of" his prior conviction and an ongoing medical condition for which he takes prescription medication. He contends his ongoing detention violates 8 U.S.C. § 1231 and the Due Process Clause of the Fifth Amendment to the United States Constitution.

On June 25, 2026, the Court ordered respondent Jerome Kramer ("Kramer"), Cabeza's physical custodian, to show cause why he should not be released (Filing No. 5). Kramer filed a response (Filing No. 14) as did federal respondents David Easterwood, Todd Lyons, Markwayne Mullin, and Todd Blanche (collectively, the "government") (Filing No. 6). Kramer disclaims any dog in the fight.

The government—on the other hand—states ICE lawfully took Cabeza into custody under "§ 1231 to execute a final order of removal." Noting Cabeza's "detention is permissible so long as [his] removal is reasonably foreseeable," the government contends that standard is met because he "has been detained for four months and the [government is] actively working to remove [him] to a third country." According to the government, Cabeza's "detention is presumptively valid under *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001)." It asks the Court to uphold Cabeza's detention to allow it to "complete the removal process."

Cabeza takes a different view. He contends, "The 'presumptively reasonable' period has lapsed because the *Zadvydas* six-month period includes both the statutory 90-

day removal period and a 90-day post-removal-period thereafter." As Cabeza sees it, his "removal period ended on September 25, 2013," and "the presumptively reasonable period ended on May 4, 2026." Some courts have been open to that view, *see*, *e.g.*, *Tadros v. Noem*, No. 25CV4108 (EP), 2025 WL 1678501, at *3 (D.N.J. June 13, 2025) (concluding that the petitioner had "the better argument under *Zadvydas*"), others have not, *see*, *e.g.*, *Le v. Warden*, No. 4:26CV3040, 2026 WL 809308, at *7 (D. Neb. Mar. 24, 2026) (concluding "the only period of detention that matters for purposes of applying the *Zadvydas* limitation is [the petitioner's] current period of detention").

Cabeza further argues that even if the Court accepts the government's reading of *Zadvydas*, the *Zadvydas* period "has been rebutted in this case" because neither Mexico nor Cuba will agree to accept him. Put plainly, Cabeza contends that he "has proven that his removal is not in the reasonably foreseeable future because [the government] ha[s] not identified *any* country who is willing to accept [him]." He asks the Court to refuse to authorize his "continued, open-ended detention while" the government pursues "an additional 'third-country' option that, by [the government's] own description, does not exist."

Having carefully reviewed Cabeza's petition, the parties' cogent arguments, and the balance of the record in this case, the Court finds Cabeza's petition must be denied at this time. In short, the Court agrees with the government that his detention does not violate § 1231 or due process. Although the Court understands Cabeza's frustration with the uncertainty, to this point, it is unable to say "that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701.

Based on the foregoing,

IT IS ORDERED:

1. Petitioner Victor Cabeza Rodriguez's Petition for Writ of Habeas Corpus (Filing No. 1) is denied.
2. A separate judgment will issue.

Dated this 8th day of October 2026.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge